**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

-vs-                                                    Case # 5:17cr37-001

ALEXANDER HERNANDEZ RAMIREZ

                                                        USM # 25834-017

                                                        Defendant's Attorney:
                                                        Jessica Casciola (AFPD)
                                                        30 West Government Street
                                                        Panama City, Florida 32401
_____

**JUDGMENT IN A CRIMINAL CASE**

The defendant pleaded guilty to count 1 of the indictment on February 2, 2018. Accordingly, IT IS ORDERED that the defendant is adjudged guilty of such count which involves the following offense:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 8 U.S.C. § 1326(a) | Illegal Re-entry by Deported Alien | November 9, 2017 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.


Date of Imposition of Sentence:
February 15, 2018



s/Robert L. Hinkle
United States District Judge
February 28, 2018

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **4 months.**

This sentence has been imposed on the understanding that the defendant will not receive credit for time in detention before the date of imposition of this federal sentence. The explanation is this. For the violation of probation in Florida Case No. 16-CT-2343 (discussed in presentence report ¶ 32), the state sentence was 120 days. But the state judge announced on the record that the sentence would be changed to time served if the defendant entered Immigration and Customs Enforcement custody before serving the entire 120 days. The defendant was taken into federal custody on this federal charge—not into ICE custody—before the 120 days was served. This federal sentence would have been 6 months, not 4, but the state sentence was not changed, so the defendant was technically still serving the state sentence until the date of this federal sentencing. Because the defendant technically received credit on the state sentence, the Bureau probably will not give credit for that time on this federal sentence. To recognize the state judge's intent— that the state sentence would be converted to time served when the defendant entered federal custody—and to cause the defendant to serve 6 more months after the end of the state sentence, this sentence was adjusted downward to 4 months.

There also are other pending state charges against the defendant. *See* presentence report ¶ 36. If the defendant is convicted and sentenced to custody on a state charge after imposition of this federal sentence, the state sentence should be served concurrently with or consecutively to this federal sentence, as ordered or recommended by the state sentencing judge. This federal sentencing judge recommends that the Bureau of Prisons designate a state facility for service of this federal sentence, thus in effect making this federal sentence concurrent with the state sentence, if the state sentencing judge so orders or recommends.

**No term of supervised release is imposed.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this

judgment.

_____
UNITED STATES MARSHAL


By:_____
          Deputy United States Marshal

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| ASSESSMENT | JVTA* ASSESSMENT | FINE | RESTITUTION |
|---|---|---|---|
| $100.00 | -0- | -0- | -0- |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows: immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.